**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN J. BERNS, an individual residing in the State of California, | No. 14-55996 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01611-DSF-AGR |
| v. | |
| SENTRY SELECT INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[**] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

Plaintiff Steven Berns appeals the district court's grant of summary judgment to Sentry Select Insurance Company. We reverse and remand for further proceedings.

In order to prevail on appeal, Sentry must show that Exclusion 1 unambiguously precludes coverage. *See MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003). Ambiguities in the language of the exclusion must be construed in favor of the insured (Berns). *See Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 718 P.2d 920, 924 (Cal. 1986). In light of the language of Exclusion 1 and of California precedent interpreting the term "intentional," Sentry's position that the term "intentional" unambiguously means "voluntary and deliberate" is untenable.

The exclusion at issue in this case precludes coverage for "[a]ny dishonest, malicious, fraudulent, criminal or intentional 'act.'" Sentry's contention that the term "intentional" broadly applies to any "voluntary" or "deliberate" act conflicts with the interpretive principle of *ejusdem generis*. "Under the rule of *ejusdem generis*, where general words follow an enumeration of specific items, the general words are read as applying only to other items akin to those specifically enumerated." *Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 588 (1980). Here, the term "intentional" follows four more specific words ("dishonest," "malicious,"

"fraudulent," and "criminal") that describe particularly blameworthy conduct. The term "intentional" should be read in light of these terms and therefore should be read as requiring some sort of wrongful conduct, not just any purposeful act.

Additionally, California law has inconsistently interpreted the term "intentional" in insurance policies. Some cases have adopted Sentry's broad interpretation of the term. *See, e.g.*, *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1088 (Cal. 2009); *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 9 Cal. Rptr. 2d 894, 907 (Cal. Ct. App. 1992). Other cases, however, have adopted Berns's view that "intentional" requires a specific intent to cause harm. *See, e.g.*, *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 174 (Cal. 1966) (in bank); *Gonzalez v. Fire Ins. Exch.*, 184 Cal. Rptr. 3d 394, 410 (Cal. Ct. App. 2015); *State Farm Fire & Cas. Co. v. Eddy*, 267 Cal. Rptr. 379, 386 (Cal. Ct. App. 1990); *see also Allstate Ins. v. Calloway*, 936 F.2d 576 (9th Cir. 1991) (affirming the district court's conclusion that an intentional acts exclusion "was ambiguous because it did not make clear whether the phrase 'intentional act' referred merely to the intent to act, or to the intent to cause the consequences of the act"). The California Supreme Court has written that the word "intentional" may have a "built-in ambiguity." *Gray*, 419 P.2d at 174.

We therefore reject Sentry's interpretation of the exclusion. Construing the ambiguity in favor of Berns, we conclude that the "intentional" acts exclusion applies only to intentionally *wrongful* acts; in other words, the exclusion applies only if the insured acted with a specific intent to wrongfully inflict injury. As applied to this case, there is evidence suggesting that Porter misappropriated company files, in which case Berns would have been justified in scolding and terminating her. Because Berns may not have acted with the requisite intent to come within the exclusion, Sentry had a duty to defend. *See Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 93 Cal. Rptr. 2d 364, 387 (Cal. Ct. App. 2000) (noting that an insurer has a duty to defend any lawsuit that potentially falls within the coverage of the policy). We reverse the district court's order granting summary judgment to Sentry and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**